INSTRUMENT#: 2018117140 OR BK 5180 PG 832 PAGES: 8 10/4/2018 2:20:47 PM
GARY J. COONEY, CLERK OF THE CIRCUIT COURT & COMPTROLLER LAKE COUNTY, FLORIDA
REC FEES: $0.00

Case 6:19-bk-03468-KSJ   Doc 9-1   Filed 06/26/19   Page 1 of 8

# *Exhibit A*

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT OF FLORIDA IN
AND FOR LAKE COUNTY
GENERAL JURISDICTION DIVISION
CASE NO. 35-2016-CA-000758

CENLAR FSB,

    Plaintiff,

vs.

DANIEL D. CIVIC, SUSAN CIVIC,
UNKNOWN TENANT IN POSSESSION 1,
UNKNOWN TENANT IN POSSESSION 2,
VOICE OF HOPE, INC., T.D. BANK, N.A.,
CLERK OF THE CIRCUIT COURT IN
AND FOR LAKE COUNTY, FLORIDA,
and SUNTRUST BANK,

    Defendants.

_____/



SALE NO SOONER THAN ___60___ DAYS
FROM DATE OF THIS FINAL JUDGMENT.

## SUMMARY FINAL JUDGMENT OF FORECLOSURE

THIS ACTION came before the Court on Plaintiff's Motion for Summary Final Judgment

of Foreclosure and Taxation of Attorneys Fees and Costs on October 3, 2018. The Court, based

on the state of the record at the time of the hearing, finds that there is no material issue of fact or

law and grants Plaintiff's Motion.  It is therefore:

ORDERED AND ADJUDGED that:

1.    This Court has jurisdiction of foreclosure cases pursuant to Florida Statutes.

Service of process has been secured upon all parties.

2.    Plaintiff holds a first mortgage lien for the total sum in this Final Judgment, which

is superior and prior to the right, title interest, claims of lien, encumbrances and equities of the

following Defendants: DANIEL D. CIVIC, SUSAN CIVIC, UNKNOWN TENANT IN

POSSESSION 1, UNKNOWN TENANT IN POSSESSION 2, VOICE OF HOPE, INC., T.D.

BANK, N.A., CLERK OF THE CIRCUIT COURT IN AND FOR LAKE COUNTY, FLORIDA,

and SUNTRUST BANK, and all others claiming through or on behalf of said defendants, on the

following real property:

> **LOT 12, LAKES YALE WOODS, ACCORDING TO THE PLAT
> THEREOF, AS RECORDED IN PLAT BOOK 29, PAGES 71 THROUGH
> 73, INCLUSIVE, PUBLIC RECORDS OF LAKE COUNTY, FLORIDA.
> a/k/a 40111 CR 452, LEESBURG, FL 34788**

3.    Plaintiff, CENLAR FSB, C/O Attn: FC or BK Department, 425 Phillips Blvd.,

Ewing, NJ 08618 (servicer's address), is due the following:

| | |
|---|---|
| Principal | $288,710.22 |
| | |
| Interest to date of this judgment | $184,191.42 |
| | |
| Title search expense | $275.00 |
| | |
| Taxes | $5,721.30 |
| Hazard Insurance | $7,584.00 |
| | |
| Attorney's fees | |
| Finding as to reasonable number of hours: | 27.10 / 48.80 |
| Finding as to reasonable hourly rate: | $175 / $215 |
| Attorneys' fees total: | $17,659.50 |
| | |
| Court costs, now taxed (Complaint Filing Fee) | $1,924.50 |
| Court costs, now taxed (Seal Summons) | $83.00 |

6008853                                                                     15-05361-1

| | |
|---|---|
| Court costs, now taxed (Service of Process) | $956.30 |
| Court costs, now taxed (Issue Alias Summons) | $15.00 |
| | |
| Other:  Late Charges | $4,346.37 |
| Other:  Escrow Advances (Other) | $29,750.41 |
| Other:  Property Inspections | $536.25 |
| | |
| **SUBTOTAL** | **$541,753.27** |
| | |
| LESS:  Escrow balance | 0.00 |
| | |
| **TOTAL** | **$541,753.27** |

Said total shall bear interest at the rate of 6.09% a year.

4.    This is an IN REM judgment against DANIEL D. CIVIC as record title owners of the real property herein described.  All other Defendants' interest are in the form of inferior liens to Plaintiff's note and mortgage.  As such, said liens are extinguished subject to any statutory right of redemption as outlined further in this final judgment.

5.    The Court finds, based upon the affidavits presented and upon inquiry of counsel for the Plaintiff, that 27.10 / 48.80 hours were reasonably expended by Plaintiff's counsel and that the hourly rates of $175.00 and $215.00, respectively, are appropriate.  PLAINTIFF'S COUNSEL CERTIFIES THAT THE ATTORNEY AWARDED DOES NOT EXCEED ITS CONTRACTED FEE WITH THE PLAINTIFF.  The Court finds that there are no reduction or enhancement factors by the Court pursuant to *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985).  The requested attorneys' fee consists of a flat rate and hourly fees that

the firm's client has agreed to pay in this manner. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the fee is reasonable.

6.     If the total sum with interest at the rate described in paragraph 3 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on _____DEC 1 1 2018_____, 20___, at 11:00 AM to the highest bidder for cash, except as prescribed in paragraph 6, at 11:00 AM at Lake County Judicial Center, 550 West Main Street, First Floor, Tavares, FL. 32778 in accordance with section 45.031, Florida Statutes.

7.     Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If Plaintiff is the purchaser, the clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

8.     On filing the Certificate of Title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the certificate; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from the date of this judgment to the date of the sale; and by retaining any remaining amount pending the further Order of this court.

9.     On filing the Certificate of Sale, Defendants and all persons claiming under or against Defendants since the filing of the Notice of Lis Pendens shall be foreclosed of all estate

6008853                                                                                           15-05361-1

or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida

Statutes, if any.  Upon the filing of the certificate of title, the person named on the certificate of

title shall be let into possession of the property.  If any Defendant remains in possession of the

property, the clerk shall not, without further Order of the court, issue forthwith a writ of

possession upon request of the person named on the Certificate of Title.

10.     The right of redemption of any Defendant is terminated upon the issuance of the

Certificate of Sale by the clerk of court pursuant to the provisions of Florida Statutes 45.0315.

11.     The Court, having jurisdiction to re-establish and enforce a lost, stolen, or

destroyed promissory note pursuant to F.S. §§ 71.011 and 673.3091, finds that on November 29,

20015, DANIEL D. CIVIC and SUSAN CIVIC executed and delivered a promissory note to

Plaintiff or Plaintiff's predecessor in interest in the principal amount of $299,000.00; that based

upon evidence and testimony presented, Plaintiff is the current owner of the Note, Plaintiff has

adequately proven the terms and conditions of the subject Note; that the persons named in the

Complaint are the only persons known to have an interest for or against the re-establishment of

the lost Note; that said re-establishment will not prejudice any party to this cause of action; and

that Plaintiff indemnifies the Defendants, DANIEL D. CIVIC and SUSAN CIVIC, against future

unlawful enforcement of the subject Note. Accordingly, the Court hereby re-establishes the lost

promissory note executed by DANIEL D. CIVIC and SUSAN CIVIC on November 29, 2005.

12.     The Court retains jurisdiction of this action to enter further Orders that are proper

including, without limitation, writs of possession, deficiency judgments and re-foreclosure of

omitted parties and to determine the amount of assessments due pursuant to Florida Statutes

718.116 or 720.3085, if applicable.

6008853                                                                          15-05361-1

13.    In the event the instant case is dismissed by the Plaintiff, the Clerk of Court is

hereby directed to release any original loan documents filed with the Court to counsel of record

for Plaintiff.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL
MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED
TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL
JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS
REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO
LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM YOU
WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS
YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER
REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO
ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU
ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR LAKE
COUNTY, TELEPHONE NUMBER 352-742-4100, 550 WEST MAIN STREET, TAVARES,
FL 32778, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS
ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS
IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU
CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL
PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN
ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU,
TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT
YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR
PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD
TO PAY AN ATTORNEY, YOU MAY CONTACT LAKE COUNTY LEGAL AID, 226
WEST MAIN STREET, TAVARES, FL 32778, (352)343-6351 TO SEE IF YOU QUALIFY

FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY
MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR
SUGGEST OTHER OPTIONS.  IF YOU CHOOSE TO CONTACT FLORIDA RURAL
LEGAL SERVICE FOR ASSISTANCE, YOU SHOULD DO SO AS SOON AS POSSIBLE
AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED at Lake County, Florida, this _3_ day of _October_,
2018.

_____
CIRCUIT JUDGE

Copies to parties on the attached service list.

6008853                                                      15-05361-1

**SERVICE LIST**

Charles P. Gufford, Esq.
Counsel for Plaintiff
McCalla Raymer Leibert Pierce, LLC
225 East Robinson Street, Suite 155
Orlando, FL 32801
MRService@mccalla.com

Daniel D. Civic
40111 County Rd 452
Leesburg, FL 34788

Susan Civic
40111 CR 452
Leesburg, FL 34788

T.D. Bank, N.A
2035 Limestone Road
Wilmington, DE 19808

SunTrust Bank
40 Technology Parkway S #300
Norcross, GA 30092

Voice of Hope, Inc., a New York Corporation
503 E. Orange Ave
Eustis, FL 32726

Diana Johnson, Esq.
Counsel of Clerk of the Circuit Court in and for Lake County, Florida, a Political Subdivision of the State
of Florida
P.O. Box 7800
Tavares, FL 32778
eservice@lakecountyfl.gov

6008853                                                                                          15-05361-1